```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

D'Pergo Custom Guitars, Inc.

    v.                                                        Civil No. 17-cv-747-LM
                                                                         Opinion No. 2018 DNH 089

Sweetwater Sound, Inc.

## **O R D E R**

Plaintiff D'Pergo Custom Guitars, Inc. ("D'Pergo") brings suit against defendant Sweetwater Sound, Inc. ("Sweetwater"), alleging claims for copyright infringement and violations of RSA 358-A, the New Hampshire Consumer Protection Act ("CPA"). D'Pergo claims that Sweetwater used a copyrighted photograph of D'Pergo's custom guitar necks in order to promote and sell Sweetwater products on its website. Before the court is Sweetwater's motion to dismiss Counts II and III, the CPA claims (doc. no. 8). For the following reasons, Sweetwater's motion is denied.

### **STANDARD OF REVIEW**

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v.

Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, "[e]xhibits attached to the complaint are properly considered part of the pleading for all purposes, including Rule 12(b)(6)." Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (internal quotation marks omitted).

**BACKGROUND**

The following facts are taken from D'Pergo's complaint, unless otherwise noted. D'Pergo manufactures and sells custom guitars. In 2003, D'Pergo created a photograph showing a number of its unique guitar necks, which it then published on its website.

Sweetwater is a retailer that sells musical instruments, including guitars, through its website. D'Pergo alleges that it recently discovered that Sweetwater had copied the photograph and displayed it on Sweetwater's website, specifically in an "Electric Guitar Buying Guide." Doc. no. 1 at 18. The photograph appears in a section titled "Guitar necks explained." Id. at 21. At the end of the buying guide are a number of

guitars from various manufacturers for purchase, as well as what appears to be a hyperlink labelled "Shop for Electric Guitars." Id. at 23-24.

D'Pergo brought this action in December 2017. It raises a claim for copyright infringement (Count I), an unfair competition claim under the CPA (Count II), and a deceptive business practices claim under the CPA (Count III).

In Count II, D'Pergo alleges that, by using the photograph of D'Pergo guitar necks in the buying guide, Sweetwater passed off the guitars it sells as D'Pergo guitars. D'Pergo further alleges that the use of the photograph has caused a "likelihood of confusion as to the source, sponsorship, approval, affiliation and association of [Sweetwater] goods with the goods of [D'Pergo]." Doc. no. 1 at 6. Similarly, in Count III, D'Pergo alleges that Sweetwater engaged in deceptive trade practices because it used the D'Pergo photograph in a manner that is likely to cause confusion regarding the source of Sweetwater's guitars and may lead consumers to believe that such guitars are associated with D'Pergo. Thus, reading the complaint in the light most favorable to D'Pergo, D'Pergo appears to allege that after seeing the photograph in Sweetwater's buying guide, a consumer may be led to believe that the guitars Sweetwater has for purchase at the end of the buying

3

guide and via the hyperlink are manufactured by or somehow associated with D'Pergo.[1]

**DISCUSSION**

Sweetwater argues that D'Pergo's CPA claims are preempted by federal law because they are based solely on Sweetwater's alleged copying of D'Pergo's photograph, which renders the CPA claims substantively equivalent to a federal copyright claim. D'Pergo responds that the CPA claims are sufficiently distinguishable from a copyright claim to survive preemption. The court agrees with D'Pergo.

This dispute is governed by 17 U.S.C. § 301(a), which "precludes enforcement of any state cause of action which is equivalent in substance to a federal copyright infringement claim." Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1164 (1st Cir. 1994), abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010); see also 17 U.S.C. § 301(b)(3) (stating that state causes of action are not preempted to the extent that they involve the violation of rights that are not equivalent to rights under federal copyright law). "Courts have developed a functional test to assess the

---

[1] In its motion, Sweetwater only argues that the CPA claims are preempted by federal law; it does not otherwise challenge the viability of this theory. The court therefore limits its analysis accordingly.

question of equivalence." Data Gen. Corp., 36 F.3d at 1164. If a cause of action "requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state action." Id. (quotation omitted).

As is relevant here, courts have held that "when unfair competition and unfair and deceptive trade practices claims require proof of an extra element such as likelihood of consumer confusion, misrepresentation, or deception, the claims survive preemption." Rubin v. Brooks/Cole Publ'g Co., 836 F. Supp. 909, 923 (D. Mass. 1993) (collecting cases). Thus, an unfair competition claim "of the 'passing off' variety" is not preempted. Beckwith Builders, Inc. v. Depietri, No. 04-CV-282-SM, 2006 WL 2645188, at *6 (D.N.H. Sept. 15, 2006). That is, "[i]f A claims that B is selling B's products and representing to the public that they are A's, that is passing off" and such a claim is not preempted. Id. (quotation omitted).

This is essentially what D'Pergo is alleging with respect to its CPA claims: by using the photograph in connection with the sale of its guitars, Sweetwater represented to the public that the guitars it sells are somehow associated with or connected to D'Pergo. In order to prevail, D'Pergo will need to

5

demonstrate more than that Sweetwater copied the photograph.  It will need to prove that Sweetwater engaged in an unfair method of competition or deceptive practice, which is defined under the CPA to include "[p]assing off goods or services as those of another" or "[c]ausing likelihood of confusion" as to the source of the goods or as to the affiliation of the goods with another.  RSA 358-A:2, I-III.  As a result, there is an extra element that makes the CPA claims qualitatively different from a federal copyright infringement claim.  See McGuirk v. After the Stork, Inc., No. CIV. 92-330-SD, 1994 WL 258793, at *3 (D.N.H. May 2, 1994); see also Colour & Design v. U.S. Vinyl Mfg. Corp., No. 04CIV8332MBM, 2005 WL 1337864, at *6-7 (S.D.N.Y. June 3, 2005).

Accordingly, the CPA claims are not preempted by § 301(a), and the court will not dismiss Counts II and III on that basis.

## CONCLUSION

For the foregoing reasons, Sweetwater's motion to dismiss (doc. no. 8) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 1, 2018

cc: Counsel of Record