UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

D'Pergo Custom Guitars, Inc.

    v.                                        Civil No. 17-cv-747-LM
                                              Opinion No. 2018 DNH 169

Sweetwater Sound, Inc.

**O R D E R**

Before the court are three pending motions. First, plaintiff D'Pergo Custom Guitars, Inc. ("D'Pergo") moves to amend its complaint to add two claims based on its registered trademark. Second, defendant Sweetwater Sound, Inc. ("Sweetwater") moves for judgment on the original pleadings, on the narrow ground that D'Pergo is not entitled to statutory damages or attorney's fees on its claim for copyright infringement. Third, Sweetwater moves for judicial notice of certain facts for purposes of its objection to D'Pergo's motion to amend. On August 17, 2018, the court held a status conference via telephone. For the following reasons, D'Pergo's motion to amend the complaint is granted in part; Sweetwater's motion for judgment on the pleadings is denied as moot; and Sweetwater's motion for judicial notice is denied as moot.

**BACKGROUND**

The following facts are taken from D'Pergo's original complaint, unless otherwise noted. D'Pergo manufactures and

sells custom guitars.  In 2003, D'Pergo created a photograph showing a number of its unique guitar necks, which it then published on its website.  Sweetwater is a retailer that sells musical instruments, including guitars, through its website.  D'Pergo alleges that Sweetwater obtained the photograph and published it on Sweetwater's own website.  Specifically, Sweetwater posted the photograph in its online "Electric Guitar Buying Guide," a printout of which D'Pergo has attached to both its original and proposed amended complaints.  See doc. no. 1 at 18-24; doc. no. 27-4.  D'Pergo brought this action in December 2017, initially raising a claim for copyright infringement (Count I), an unfair competition claim under the New Hampshire Consumer Protection Act ("CPA") (Count II), and a deceptive business practices claim under the CPA (Count III).

## DISCUSSION

The court begins by examining D'Pergo's motion to amend.  D'Pergo moves to amend its complaint to add two new claims and factual allegations related to those claims.  Proposed Count IV is for false designation of origin and unfair competition (15 U.S.C. § 1125(a)(1)), and proposed Count V is for trademark infringement (15 U.S.C. § 1114(1)(a)).  These claims relate to Sweetwater's alleged infringement of D'Pergo's federally

2

registered trademark, which is a distinctive design for its guitar necks:



Doc. nos. 27-5 at 2, 27-6 at 2 (resized from originals).  For both claims, D'Pergo alleges that Sweetwater's display of D'Pergo's trademark in the photograph is likely to cause confusion and mislead consumers into believing that Sweetwater's goods are affiliated or connected with D'Pergo.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may generally amend its pleading "only with the opposing party's written consent or the court's leave," which should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Nevertheless, "a district court may deny leave to amend when the request is characterized by undue delay, bad faith, futility, or the absence of due diligence on the movant's part."  Sykes v. RBS Citizens, N.A., 2 F. Supp. 3d 128, 133 (D.N.H. 2014).

"A proposed amendment to a complaint is futile if, as amended, the complaint . . . fails to state a claim." Id. (internal quotation marks omitted). "Therefore, review for futility is identical to review under Federal Rule of Civil Procedure 12(b)(6)," id., whereby the court accepts the factual allegations in the complaint as true, construes reasonable inferences in the plaintiff's favor, and "determine[s] whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted," Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Sweetwater makes six arguments in objecting to D'Pergo's motion to amend. First, it contends that any claim based on D'Pergo's trademark is futile because D'Pergo alleges that in 2006, it stopped using the photograph on its website. In Sweetwater's view, this allegation establishes that D'Pergo abandoned its trademark. But as D'Pergo points out, there is a distinction between D'Pergo's continued use of the photograph, and D'Pergo's continued use of its trademark. It is the latter that is relevant for purposes of assessing abandonment. See 3

4

McCarthy on Trademarks & Unfair Competition § 17:9 (5th ed.) ("[L]ack of actual usage of a symbol as a 'trademark' can result in a loss of legal rights. This loss is known as 'abandonment.'" (emphasis added)).  Because the complaint does not establish that D'Pergo abandoned its trademark in that sense, Sweetwater's argument fails.  And regardless, abandonment presents a question of fact that the court cannot resolve at this juncture.  See Crash Dummy Movie, LLC v. Mattel, Inc., 601 F.3d 1387, 1390 (Fed. Cir. 2010).

Second, Sweetwater claims that it removed the photograph from its Buying Guide on January 6, 2016, months prior to the date of registration for D'Pergo's trademark (August 23, 2016). This fact is derived not from the complaint, however, but from a declaration that Sweetwater has submitted with its objection. Because the court may not consider that fact in evaluating the futility of D'Pergo's motion, and must instead confine its analysis to the complaint, Sweetwater's argument fails.[1]  See

---

[1] In response to Sweetwater's request for admissions, D'Pergo conceded that it does not yet have evidence that Sweetwater continued to use the photograph after January 6, 2016.  See doc. no. 31-2 at 3.  Sweetwater relies on this admission to ask the court to take judicial notice of the broader proposition that Sweetwater actually removed the photograph on that date. D'Pergo's admission does not establish that proposition, and it certainly does not meet the high standard required for judicial notice.  See United States v. Bello, 194 F.3d 18, 23 (1st Cir. 1999) (stating that a "high degree of indisputability is an essential prerequisite" to judicial notice).

5

Foley, 772 F.3d at 71.  By the same token, the court may not consider Sweetwater's claim that it had no actual or constructive notice of D'Pergo's trademark application or registration while the photograph was posted in its Buying Guide.

Third, Sweetwater alleges that D'Pergo "committed a fraud on the USPTO" because D'Pergo averred in its trademark application that it sold necks for electric guitars, when in fact it does not.  Doc. no. 30-1 at 9.  For this argument, it suffices to say that an allegation of fraudulent misrepresentation presents questions of fact that the court cannot resolve in Sweetwater's favor at this time.  See generally MPC Franchise, LLC v. Tarntino, 826 F.3d 653 (2d Cir. 2016) (discussing standard for claim that trademark registration was procured through fraud).

Fourth, Sweetwater asserts that its "functional and/or aesthetic use" of the photograph in its Buying Guide cannot support a claim for trademark infringement or unfair competition.  Doc. no. 30-1 at 13.  To be sure, D'Pergo's theories of liability based on Sweetwater's use of the photograph may present unique issues not present in more prototypical cases of trademark infringement or unfair competition, and such issues may become the subject of subsequent motion practice.  But both parties present their

arguments in brief fashion, largely bereft of relevant case law. The court is not in a position to resolve the nuanced questions alluded to, but not fully developed, by Sweetwater, and therefore declines to address this argument at present. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work . . . ."). Sweetwater is free to raise this argument in the future.

Fifth, Sweetwater contends that D'Pergo's delay justifies denial of the motion, because D'Pergo waited nearly two years from the date of registration, and approximately eight months from the date it filed the complaint, to raise the trademark claims. The court is not persuaded. D'Pergo filed its motion one day after the applicable deadline, which is excusable given that the deadline was on a Sunday. See doc. no. 17 at 2. And based on the present record, the court cannot infer from D'Pergo's delay any bad faith or dilatory motive: discovery is not scheduled to be completed until 2019; the claims appear to have a similar factual nexus to those in the original complaint; and the motion practice that has occurred with respect to the original complaint has been fairly minor in scope. See Febus-Cruz v. Sauri-Santiago, 652 F. Supp. 2d 166, 168-69 (D.P.R. 2009). Furthermore, because the court resolves Sweetwater's pending motion for judgment on the pleadings in this order, no

7

prejudice accrues to Sweetwater based on the resources it already expended in prosecuting that motion.

Turning to the issue raised in that motion, Sweetwater's sixth argument is that D'Pergo cannot obtain statutory damages or attorney's fees under the Copyright Act. See 17 U.S.C. §§ 504-05 (describing remedies under Copyright Act). Sweetwater therefore contends that the amended complaint is futile to the extent that it seeks that requested relief. The legal basis for Sweetwater's argument is 17 U.S.C. § 412, which "bars recovery of statutory damages under section 504 and attorneys' fees under section 505 by copyright owners who failed to register the work before the alleged infringement began." Latin Am. Music Co. v. Am. Society of Composers, Authors & Publishers (ASCAP), 642 F.3d 87, 90 (1st Cir. 2011).

The court agrees with Sweetwater. In the proposed amended complaint, D'Pergo alleges that the photograph has an effective registration date of July 7, 2015. The publication date of the Buying Guide, however, is May 22, 2013—more than two years before the registration date. Thus, because the infringement commenced prior to registration, D'Pergo is barred from recovering statutory damages or attorney's fees. See id.

D'Pergo counters that Sweetwater's argument is premised on an impermissible inference—that the date displayed in the byline

of the Buying Guide is the date on which Sweetwater published the Buying Guide and, therefore, the photograph. D'Pergo contends that the court's deferential standard of review precludes the court from drawing that inference.

D'Pergo's argument is unpersuasive. While a court must draw all <u>reasonable</u> inferences in the non-moving party's favor, it need not accept unreasonable inferences or ignore the clear import of an attached exhibit. Here, D'Pergo offers no contrary inference that can be drawn from the date displayed in the byline of the Buying Guide. The only reasonable inference is that Sweetwater published the Buying Guide, and consequently the photograph, on that date. Accordingly, D'Pergo's request for statutory damages and attorney's fees under the Copyright Act is futile, and D'Pergo's motion to amend will be denied to that extent. Except to that limited extent, however, the court grants D'Pergo's motion.

Because the court is granting D'Pergo's motion to amend, Sweetwater's motion for judgment on the original pleadings is denied as moot. Similarly, having rejected Sweetwater's arguments in support of its objection to the motion to amend, the court need not further address whether judicial notice of certain facts would be appropriate. Therefore, Sweetwater's motion for judicial notice is denied as moot.

## CONCLUSION

For the foregoing reasons, D'Pergo's motion to amend (doc. no. 27) is granted in part. D'Pergo shall file its amended complaint, except that D'Pergo may not seek statutory damages or attorney's fees under the Copyright Act. Sweetwater's motion for judgment on the pleadings (doc. no. 21) and motion for judicial notice (doc. no. 31) are denied as moot.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

August 20, 2018

cc: Counsel of Record