UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

D'Pergo Custom Guitars, Inc.

     v.                        Civil No.  17-cv-747-LM
                                          Opinion No. 2020 DNH 051

Sweetwater Sound, Inc.

# O R D E R

    D'Pergo Custom Guitars, Inc. ("D'Pergo") brought suit against Sweetwater Sound, Inc. ("Sweetwater"), alleging claims of copyright and trademark infringement and violations of the New Hampshire Consumer Protection Act ("CPA").  The court granted Sweetwater's motion for summary judgment on D'Pergo's Lanham Act claims, counts IV and V, but denied the motion as to the claim under the Copyright Act, count I, and the claims under the CPA, counts II and III.  Sweetwater moves for reconsideration only on that part of the order that denied summary judgment on the CPA claims in counts II and III.

**STANDARD OF REVIEW**

    To succeed on a motion to reconsider an interlocutory order, the moving party must show "that the order was based on a manifest error of fact or law."  LR 7.2(d).  While the court retains authority to reconsider interlocutory orders, that remedy should be used sparingly.  United States v. City of Portsmouth, 2016 DNH 172, 2016 WL 5477571, at *3 (D.N.H. Sept.

28, 2016).  Reconsideration will not be granted based on new arguments, not previously presented, or on arguments that were previously presented but rejected.  Swirka v. Liberty Mut. Ins. Co., 2018 DNH 250, 2018 WL 6584884, at *1 (D.N.H. Dec. 14, 2018).  Reconsideration may be appropriate if the court has misunderstood a party, that is, if the court has made an error in apprehension.  Ruiz Rivera v. Pfizer Phams., LLC, 521 F.3d 76, 82 (1st Cir. 2008).

**DISCUSSION**

To provide context for Sweetwater's motion to reconsider the court's ruling on the CPA claims, the court will first summarize its ruling on Sweetwater's Lanham Act claims.  D'Pergo repeatedly represented that it was pursuing its Lanham Act claims related to its Headstock Design Trademark on a theory of trademark infringement—not trade dress infringement.  Sweetwater moved for summary judgment on the Lanham Act claims, counts IV and V, arguing that D'Pergo's Headstock Design Trademark was not protectable as a trademark and that D'Pergo could not, at this point, assert a trade dress theory.  The court agreed with Sweetwater, concluding that D'Pergo's Headstock Design Trademark was not entitled to protection as a trademark and that D'Pergo had waived any trade dress infringement claim.  The court's analysis on these claims focused exclusively on the nature of

D'Pergo's product claimed for protection (that is, whether it could be protected as a trademark) and did not address Sweetwater's conduct.

Regarding the CPA claims, Sweetwater moved for summary judgment on the ground that the CPA claims were "coextensive with [D'Pergo's] Lanham Act claim[s]." Doc. no. 111-1 at 28. The court denied summary judgment on the CPA claims because under Ne. Lumber Mfrs. Assoc. v. N. States Pallet Co., 710 F. Supp. 2d 179, 188 (D.N.H. 2010), the scope of activity prohibited by the CPA is broader than the scope of trademark infringement prohibited by the Lanham Act.

Sweetwater argues in support of reconsideration that the court misunderstood its argument for summary judgment on D'Pergo's CPA claims.[1] Sweetwater states that it intended to argue "that D'Pergo has failed to identify any facts that could establish a CPA violation separate from the facts that it claimed violated the Lanham Act." Doc. no. 140-1 at 2. Sweetwater further argues that its theory is fatal to the CPA claims "because those claims relied on the portions of the CPA that are parallel to the Lanham Act." Id. Sweetwater then provides the explanation and analysis that it omitted from its memorandum in support of summary judgment.

---

[1] Sweetwater provided only one paragraph of argument in support of summary judgment on the CPA claims.

Sweetwater's new argument, however, misses the point. The court did not rule that the evidence D'Pergo provided could not show a Lanham Act violation. Instead, the court concluded that D'Pergo alleged the wrong type of Lanham Act claim—trademark infringement rather than trade dress infringement. In other words, the court granted Sweetwater summary judgment on the Lanham Act claims because D'Pergo's Headstock Design is not protectable as a trademark and D'Pergo waived any trade dress claim; the court did not consider whether the evidence would have supported a trade dress infringement claim, had it been properly asserted. Sweetwater's conduct that might have supported a trade dress infringement claim under the Lanham Act could constitute a CPA violation. Thus, even considering Sweetwater's more developed argument, the court does not find that it committed a manifest error of law or fact in denying Sweetwater summary judgment on the CPA claims.

## CONCLUSION

For the foregoing reasons, Sweetwater's motion for reconsideration (document no. 140) is denied.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

March 30, 2020
cc: Counsel of record.

4