UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

D'Pergo Custom Guitars, Inc.

    v.                                            Civil No. 17-cv-747-LM
                                                Opinion No. 2020 DNH 180 P

Sweetwater Sound, Inc.

## **O R D E R**

D'Pergo Custom Guitars, Inc. ("D'Pergo") brings this action against Sweetwater Sound, Inc. ("Sweetwater"), asserting Sweetwater's liability for copyright infringement and violations of the New Hampshire Consumer Protection Act, RSA ch. 358-A. D'Pergo alleges that Sweetwater used a copyrighted photograph of D'Pergo's trademarked custom guitar necks and headstock to promote and sell Sweetwater products on its website.

Sweetwater designated a witness to serve as its damages expert. However, the expert later became unavailable due to serious illness. Sweetwater therefore designated a substitute expert and produced the new expert's report to D'Pergo. D'Pergo now moves to strike (doc. no. 152) from the substitute expert's report each paragraph that contains a statement of opinion or fact that did not appear, in some form, in the original expert's report. D'Pergo does not argue that Sweetwater lacked substantial justification for its late designation of a substitute expert. Instead, D'Pergo argues that meaningful differences between a late-disclosed substitute expert's report and a timely-disclosed original expert's report are impermissible as a matter of law. For the reasons discussed below, D'Pergo's motion to strike is denied.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 26, a party must "disclose to the other parties the identity of any witness it may use at trial to present evidence" in the form of expert opinion. Fed. R. Civ. P. 26(a)(2)(A). The disclosure of the expert witness's identity must be accompanied by a report containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them," and "the facts or data considered by the witness in forming" those opinions. Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).

Where, as here, a district court has established a disclosure deadline, a party must disclose the expert's identity and report by the court-ordered deadline. See Fed. R. Civ. P. 26(a)(2)(D). If a party's expert disclosure is untimely under Rule 26(a), the party may not use the expert or the expert's report "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); see also Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 77 (1st Cir. 2009). "Rule 37(c)(1) 'allows the court to admit belatedly proffered expert evidence if the proponent's failure to reveal it was either substantially justified or harmless.'" Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004) (emphasis added) (quoting Lohnes v. Level 3 Commc'ns, Inc., 272 F.3d 49, 60 (1st Cir. 2001)).

An expert's incapacity to serve due to illness or death constitutes substantial justification for the untimely disclosure of a substitute expert, so long as the party

seeking substitution discloses the new expert within a reasonable time. See, e.g., Morel v. Daimler-Chrysler Corp., 259 F.R.D. 17, 21 (D.P.R. 2009) (citing Ferrara & DiMercurio v. St. Paul Mercury Ins. Co., 240 F.3d 1, 8, 10 (1st Cir. 2001)). A late disclosure that occurs well before trial, and with sufficient time to permit the opposing party to adjust its litigation strategy to avoid prejudice, is harmless. See Samos Imex Corp. v. Nextel Commc'ns, Inc., 194 F.3d 301, 305 (1st Cir. 1999).

The courts have broad discretion to determine whether to admit late-disclosed evidence with or without sanctions. See Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003). "Courts have looked with disfavor upon parties who claim surprise and prejudice but who do not ask for a [continuance]so they may attempt to counter the opponent's testimony." Johnson v. H. K. Webster, Inc., 775 F.2d 1, 8 (1st Cir. 1985). Generally, courts will exclude late-disclosed expert testimony only where there has been "some evasion or concealment, intentional or not, on the part of the litigant offering the evidence." Id.

## BACKGROUND

As noted, this action arises out of Sweetwater's use of a photograph belonging to D'Pergo in an article appearing on Sweetwater's website. Although the question of Sweetwater's liability for copyright infringement has already been decided in D'Pergo's favor, see doc. no. 139, the question of D'Pergo's resulting damages has not yet been resolved.

On May 1, 2019, D'Pergo timely disclosed its damages expert, Jeffery Sedlik, and produced his report to Sweetwater. Sedlik's report opined as to the hypothetical fee D'Pergo could have charged in exchange for licensing its photograph to Sweetwater.

On June 15, 2019, Sweetwater timely disclosed its own damages expert, Ellen Boughn, and produced her report to D'Pergo. Boughn provided a response to Sedlik's report, and in addition produced her own "alternative fair market value . . . for a hypothetical license to use a single, existing photograph." Doc. no. 152-2, exh. 2 at 3. D'Pergo deposed Boughn on July 25, 2019. Discovery concluded in September 2019, and trial was set for November 2019.

It appears that, had trial taken place as originally scheduled in November 2019, Sweetwater would have gone to trial with Boughn serving as its damages expert. However, to accommodate the serious medical needs of one of D'Pergo's attorneys, the trial date was postponed multiple times. On February 14, 2020, the parties jointly proposed August 18, 2020 as the trial date, and on February 18, 2020, the court agreed to the parties' proposal.

On April 23, 2020, Sweetwater informed D'Pergo that Boughn needed to withdraw as Sweetwater's expert due to serious health issues. After searching for an appropriate substitute, Sweetwater disclosed its new damages expert, Gary Elsner, and produced his report to D'Pergo on July 15, 2020. That same day, Sweetwater moved, with D'Pergo's assent, to continue trial a further sixty days. Sweetwater's stated reason for seeking to continue trial was to provide D'Pergo with

4

adequate time to depose Sweetwater's substitute expert and, if necessary, to permit D'Pergo's expert to update his own report or to submit a rebuttal report. The court granted the motion, and trial was reset to October 5, 2020.[1]

Elsner's report is substantially similar to Boughn's original report in most respects. However, Elsner's report states facts about the stock photography industry that do not appear in Boughn's report. In addition, Elsner offers opinions on the propriety of certain licensing fee "multipliers" discussed in Sedlik's opinion, which Boughn's report did not discuss.

## DISCUSSION

It is undisputed that Sweetwater disclosed Elsner after the court-appointed deadline for disclosure of its experts. However, D'Pergo concedes that Elsner's belated designation was substantially justified in light of Boughn's serious illness, and the court agrees. See, e.g., Morel, 259 F.R.D. at 21. Under the plain language of Rule 37(c)(1), Sweetwater may therefore rely on Elsner's report at trial or in connection with any motion or hearing. See Fed. R. Civ. P. 37(c)(1); see also Poulis-Minott, 388 F.3d at 358.

D'Pergo nevertheless argues that portions of Elsner's report should be stricken to ensure that Elsner expresses no opinions beyond those expressed in Boughn's original report. D'Pergo argues that notwithstanding the adequate

---

[1] On September 22, 2020, the court terminated pretrial deadlines in connection with the October 5 trial setting. The parties will propose a new trial date at a status conference scheduled for October 15, 2020.

justification for Elsner's untimely designation, Elsner cannot offer an opinion that differs in any meaningful way from Boughn's. In effect, D'Pergo argues that the court must not allow Elsner's untimely designation as an expert unless it first ensures harmlessness by requiring Elsner to offer an opinion functionally identical to the original expert's opinion. The court disagrees.

First, both the plain language of Rule 37(c)(1) and First Circuit case law make clear that a party may rely on belatedly disclosed expert opinion <u>either</u> if there was substantial justification for the untimely disclosure <u>or</u> if the untimely disclosure was harmless. <u>See</u> Fed. R. Civ. P. 37(c)(1); see also Poulis-Minott, 388 F.3d at 358; Lohnes, 272 F.3d at 60; Wilson v. Bradlees of New Eng., Inc., 250 F.3d 10 (1st Cir. 2001). Analysis of the merits of D'Pergo's motion can therefore properly end with a finding of substantial justification.

Second, the court finds that the substitution of Elsner for Boughn was in any event harmless because D'Pergo has had ample time to adjust its litigation strategy prior to trial. D'Pergo has been on notice of the need for a new expert since April 23, 2020, and received a copy of the new report on July 15, 2020. At the same time that Sweetwater produced the new report, Sweetwater successfully moved for a 60-day continuance to permit D'Pergo to conduct whatever further discovery it deemed necessary to avoid prejudice. And since that time, the parties have agreed to further continue the trial date. D'Pergo has had sufficient time to ensure the harmlessness of the substitution. <u>See</u> Samos, 194 F.3d at 305; Morel , 259 F.R.D. at 21; Downeast Ventures, Ltd. v. Washington Cty., 450 F. Supp. 2d 106, 112 (D. Me. 2006).

Third, D'Pergo seeks exclusion of portions of Elsner's report, but does not request additional time to respond to it. The suggestion that D'Pergo will suffer harm absent such exclusion is unpersuasive given D'Pergo's failure to seek any less extreme remedy. See Johnson, 775 F.2d at 8.

Fourth, D'Pergo identifies no prejudice that it would suffer if Sweetwater were permitted to rely on Elsner's report in its entirety. While the two reports differ in minor respects, D'Pergo has made no effort to show that the differences are likely to thwart its litigation strategy. Absent a showing of actual prejudice, minor differences between the two opinions provides no grounds for exclusion of any portion of Elsner's substitute opinion. See Macaulay, 321 F.3d at 51.

Fifth, and finally, there is no suggestion in the record that Sweetwater's designation of a new expert involved any evasion or concealment. To the contrary, Sweetwater informed D'Pergo that it would require a new expert as soon as it learned of Boughn's need to withdraw. Absent evasion or concealment, courts generally disfavor the exclusion sanction. See Johnson , 775 F.2d at 8.

In sum, the late designation of Sweetwater's substitute damages expert was both substantially justified and harmless, and D'Pergo has not shown that it will be prejudiced if Sweetwater is permitted to rely on the late-produced expert report. Thus, there are no grounds to strike any portion of Elsner's report.

## CONCLUSION

Because the court finds that Sweetwater's late disclosure of its substitute damages expert was both substantially justified and harmless, see Fed. R. Civ. P. 37(c)(1), the court denies D'Pergo's motion to strike (doc. no. 152).

SO ORDERED.

_____
Landya McCafferty
United States District Judge

October 14, 2020

cc: Counsel of Record