UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| D'Pergo Custom Guitars, Inc.<br><br>                    *Plaintiff,*<br><br>            v.<br><br>Sweetwater Sound, Inc.,<br><br>                    *Defendant.* | Civil Action No. 1:17-CV-000747-LM |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO ADMIT EVIDENCE AT TRIAL RE THE PARTIES' RESPONSES AND CONDUCT <u>UPON LEARNING OF INFRINGEMENT</u>**

**I.    INTRODUCTION**

Sweetwater has moved to admit evidence "of the parties' responses and conduct upon learning of Sweetwater's copyright infringement …." This means that Sweetwater wishes to introduce two broad categories of evidence: (1) how D'Pergo behaved upon learning that Sweetwater was infringing its copyright and (2) how Sweetwater responded after it was accused of copyright infringement. D'Pergo agrees that the first category provides relevant context and is generally admissible. How Sweetwater acted after it was accused of infringement, on the other hand, is not admissible for any proper purpose.

Sweetwater seeks to introduce this evidence "(i) as evidence of the state of mind of the parties at critical junctures; (ii) to support Sweetwater's contention that Plaintiff D'Pergo Custom Guitars, Inc.'s ("D'Pergo") failed to mitigate damages; and (iii) to tell the story of how this case arose." But Sweetwater's state of mind is irrelevant, failure to mitigate is not a proper defense to copyright infringement, and claiming that the evidence provides "background information and context" is not enough to overcome the general prohibition on the introduction of irrelevant evidence.

1898554.3

1

## II. FACTUAL BACKGROUND

Sweetwater copied and posted D'Pergo's copyrighted photograph on its website sometime in 2004. D'Pergo's owner, Stefan Dapergolas, did not learn of Sweetwater's infringement until January 2015. In an effort to be sure that Sweetwater was infringing his copyright, Dapergolas retained the services of Jeffrey Sedlik, an expert in forensic image analysis. Sedlik prepared a report for Dapergolas, confirming that Sweetwater had copied his photograph, and delivered a copy to him in December 2015. Shortly thereafter, in early January 2016, Dapergolas contacted Sweetwater to inform it that his copyright was being infringed.

## III. ARGUMENT

### A. D'Pergo's response to learning of Sweetwater's infringement is relevant for limited background purposes.

D'Pergo generally agrees that evidence of how it responded to learning of Sweetwater's infringement is relevant for background purposes. It will help the jury to understand, for example, why the damages period extends through January 2016. D'Pergo should be allowed to present evidence and argument of what it was doing from January 2015 to January 2016.

It would be improper, however, for Sweetwater to argue or imply that D'Pergo unduly delayed or otherwise cannot recover damages for this period. This is because failure to mitigate is not a proper defense to a claim for copyright infringement brought within the three-year statutory period.

D'Pergo is moving concurrently to strike Sweetwater's affirmative defense of failure to mitigate and to preclude any evidence or argument that D'Pergo failed to mitigate its damages. Should that motion be granted, Sweetwater should be precluded from arguing a failure to mitigate on relevance grounds.

### B. Evidence of Sweetwater's response to learning of its infringement is irrelevant but to the extent it has any probative value, it is inadmissible under Rule 403.

Sweetwater seeks to introduce evidence that, when it was alerted of its infringement, it "immediately removed the Photograph from its website and apologized to D'Pergo for its

inadvertent use." Sweetwater's actions after being informed of its infringement, however, have minimal probative value, if any. This Court has already found Sweetwater liable for its infringement of D'Pergo's photograph. Nevertheless, Sweetwater argues that its "reaction suggests that its use of the Photograph was unknowing rather than willful, undercutting any argument by D'Pergo that sanctions under New Hampshire's Consumer Protection Act are appropriate." Dkt. No. 159-1 at 3. Sweetwater has failed to explain how its reaction to being informed of its copyright infringement and possible violations of the Consumer Protection Act are probative of its intent in committing those violations in the first place.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under the Consumer Protection Act, "[i]f the court finds that the use of the method of competition or the act or practice was a willful or knowing violation of this chapter, it shall award as much as 3 times, but not less than 2 times, such amount." N.H. Rev. Stat. Ann. § 358-A:10. Sweetwater cannot explain how is behavior after being accused of a violation is probative of whether that violation was "willful or knowing" in the first place. Logically, it does not follow that how someone behaves after being caught could be probative of an event occurring in the distant past—i.e., the initial decision to engage in the wrongful conduct. Furthermore, Sweetwater's apology and representation that its use of the photograph was inadvertent are inadmissible hearsay. Fed. R. Evid. 801, 802.

The Consumer Protection Act is the only substantive law that Sweetwater has cited in arguing that its reaction to being informed of its infringement is relevant. The jury's only job in this trial will be to determine the amount of damages that Sweetwater owes on D'Pergo's copyright infringement claims. Thus, in the alternative and to the extent that the Court determines that this evidence is probative of willfulness under the Consumer Protection Act, D'Pergo respectfully requests that this evidence be introduced to the Court only, outside the hearing of the jury.

Finally, Sweetwater has argued that evidence about its reaction to being notified of its infringement provides "relevant background information." Dkt. No. 159-1 at 5. Again, the jury's role in the upcoming trial is narrow: decide the amount of damages that will compensate D'Pergo for Sweetwater's infringement of its photograph. All the jury needs to do is calculate the amount of actual damages that D'Pergo has suffered and the amount of profits that Sweetwater obtained by its infringement. The relevant time period is from when the photograph went up on Sweetwater's website to when it came down. Anything happening after the photograph came down—or evidence only tending to explain why the photograph came down—is irrelevant to the jury's damages calculations.

To the extent that it may have a scintilla of relevance, the probative value of Sweetwater's reaction is substantially outweighed by the dangers of unfair prejudice and confusing the issues. Fed. R. Evid. 403. It appears that Sweetwater intends to use this evidence to argue or imply that it was an innocent, inadvertent infringer of D'Pergo's copyright. But such an implication would be inappropriate: Sweetwater has already been found to infringe D'Pergo's copyright, and the "innocence" of infringement is relevant only for statutory damages. There is no discount for innocent infringement when it comes to calculating D'Pergo's actual damages or Sweetwater's profits. The danger that the jury may be misled into believing otherwise is substantial enough to justify excluding evidence of Sweetwater's reactions after being informed of its infringement.

## IV. CONCLUSION

For the foregoing reasons, and the reasons explained in D'Pergo's concurrently filed motion to strike Sweetwater's failure to mitigate affirmative defense, D'Pergo respectfully requests that the Court exclude all evidence and argument about how Sweetwater acted after being informed of its infringement from the upcoming trial.

DATED:  November 23, 2020

| | |
|---|---|
| By: _/s/ Robert E. Allen_<br>        Robert E. Allen | By: _/s/ R. James Steiner_<br>        R. James Steiner |
| Robert E. Allen (admitted *pro hac vice*)<br>Cal State Bar No. 166589<br>rallen@glaserweil.com<br>Thomas P. Burke Jr. (admitted *pro hac vice*)<br>Cal State Bar No. 288261<br>tburke@glaserweil.com<br>Glaser Weil Fink Howard Avchen & Shapiro LLP<br>10250 Constellation Blvd., 19th Fl.<br>Los Angeles, CA 90067<br>Telephone: (310) 282-6280 | R. James Steiner<br>New Hampshire Bar No. 4143<br>jim@jimsteinerlaw.com<br>Steiner Law Office, PLLC<br>30 Oakmont Dr.<br>Concord, NH 03302-3722<br>Telephone: (603) 345-6440 |

*Counsel for D'Pergo Custom Guitars, Inc.*