IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| D'Pergo Custom Guitars, Inc.<br><br>*Plaintiff,*<br><br>v.<br><br>Sweetwater Sound, Inc.,<br><br>*Defendant.* | Civil Action No. 1:17-CV-000747-LM |

**PLAINTIFF D'PERGO CUSTOM GUITARS, INC. OBJECTION TO DEFENDANT SWEETWATER SOUND, INC.'S MOTION *IN LIMINE* TO LIMIT DISGORGEMENT OF PROFITS EVIDENCE TO THE THREE YEARS PRIOR TO FILING SUIT**

**I.      INTRODUCTION**

Plaintiff D'Pergo Custom Guitars, Inc. ("D'Pergo") files this objection to Sweetwater Sound, Inc. ("Defendant")'s Motion *in Limine* to limit the evidence of D'Pergo's disgorgement of profits to the three years prior to filing suit.

**II.     ARGUMENT**

Sweetwater acknowledges that under the Copyright Act, "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). Sweetwater does not challenge that D'Pergo's copyright infringement claim did not accrue until 2015, D'Pergo filed his complaint on December 26, 2017 or that D'Pergo's complaint was timely with respect to all acts of Sweetwater's infringement, including, without limitation, from 2004 through 2016. Instead, based upon one out-of-circuit court's holding, Sweetwater asks this court to ignore its previous ruling on this issue, ignore the plain text of the statute, ignore first circuit case law and ignore all of the other out-of-circuit

courts' decisions to the contrary, and hold that damages to timely brought claims are not recoverable. The court should reject Sweetwater's position.

### *This Court's Prior Decision*

Sweetwater previously made the same argument before this court, which was rejected:

> Sweetwater interprets this language from Petrella as limiting D'Pergo's right to recover damages on its Copyright Act claim—and, therefore, it's right to discover information—to three years prior to the date it filed its complaint in this action.
>     Sweetwater's argument is unpersuasive. The language from Petrella upon which Sweetwater relies is dicta, as it 'was a case about laches, and the holding is limited to that issue.' *Grant Heilman Photography, Inc. v. McGraw-Hill Companies, Inc.*, 28 F. Supp. 3d 399, 411 (E.D. Pa. 2014). As D'Pergo notes, several defendants in Copyright Act cases have attempted to use the dicta quoted above from Petrella to limit a plaintiff's claim for damages. Courts have repeatedly rejected these attempts because the three-year look-back rule for damages does not apply when the discovery rule extends the limitation period.

January 14, 2019 Order (Dkt. 76) at pp. 6-7.

### *The Plain Text of The Copyright Act*

The Copyright Act contains only one provision relating to the statute of limitations: "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). Contrary to Sweetwater's position, the United States Supreme Court's decision in *Petrella v. Metro-Goldwyn-Mayer, Inc.* did not dissociate the Copyright Act's statute of limitations from its time limit on damages. In *Petrella,* a case regarding laches, the plaintiff, *who was aware of the alleged infringement for almost ten years,* brought a copyright infringement suit against MGM, but only sought damages during the three year period prior to filing suit. 572 U.S. 663, 667 (2014). Accordingly, the issue of whether damages beyond the three year period from a timely brought claim were recoverable was not addressed. Importantly, the Court specifically stated that it was not addressing the discovery rule adopted by nine Courts of Appeal, "which starts the limitations period when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." *Id.* at 670 n.4 (internal citation omitted); *see also SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC,* 137 S. Ct. 954, 962 (2017) ("[I]n *Petrella*, we specifically noted that

'we have not passed on the question' whether the Copyright Act's statute of limitations is governed by such a [discovery] rule."). Further, the court confirmed that infringements that occurred prior to the limitations period but continued to harm plaintiff during the limitations period were actionable. 572 U.S. at 671 n.6 ("Separately accruing harm should not be confused with harm from past violations that are continuing"). Finally, there is no language in *Petrella* creating two separate statute of limitations—one for bringing claims and one for recovering damages. After *Petrella*, with few exceptions, courts have rejected the argument that *Petrella* eliminated the discovery rule or created a two prong statute of limitations, instead acknowledging the plain text of the statute and adhering to the discovery rule as mandated by their courts of appeal.

While the Second Circuit recently did create a two-prong statute of limitations for copyright cases in *Sohm v. Scholastic, Inc.*, 959 F.3d 39, 51-52 (2d Cir. 2020), it did so based on a misreading of *Petrella* and did not support its decision based on any language from the Copyright Act, including Section 507(b). Specifically, there is nothing in Section 507(b) or any other provision of the Copyright Act that bars the recovery for infringements that occurred within the statute of limitations period but beyond three years from bringing suit. Other courts that have analyzed this very issue have strongly disagreed with such a position. *See e.g., Design Basics LLC v, McNaughton Company*, 2017 WL 11068761, at *4 (M.D. Penn. Nov. 15, 2017) ("Defendants ask the Court to hold that this same provision also sets forth a separate limitation on damages, distinct from the time limitation for bringing suit. We see no way to harmonize the continuing vitality of the discovery rule with a holding that the provision provides for an additional limitation on damages that is interpreted differently from claim accrual.").

### *First Circuit Decisions*

The First Circuit follows the discovery rule. *Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co.*, 510 F.3d 77, 81 (1st Cir. 2007); *Santa-Rosa v. Combo Records*, 471 F.3d 224, 227 (1st Cir. 2006). As the First Circuit has said, "the rule reflects a sensible tradeoff -- a policy decision that balances the important interests of repose against the

substantial hardship that an inflexible statute of limitations might otherwise foster." *Warren Freedenfeld Assocs. v. McTigue*, 531 F.3d 38, 47 (1st Cir. 2008); *see also William A. Graham Co. v. Haughey,* 568 F.3d 425, 436 n.8 (3d Cir. 2009) ("As we have explained, the discovery rule originated as an equitable doctrine to extend the period during which victims of latent injuries could seek recovery."); *Polar Bear Products v. Timex Corp.*, 384 F.3d 700, 706-07 (9th Cir. 2004) ("It makes little sense then to bar damages recovery by copyright holders who have no knowledge of the infringement, particularly in a case . . . in which much of the infringing material is in the control of the defendant.").

Sweetwater has not shown or even alleged that D'Pergo should have discovered Sweetwater's infringement earlier. Barring D'Pergo's recovery for infringements that occurred within the statute of limitations period but beyond three years from bringing suit is contrary to the First Circuit's acceptance of the discovery rule and its rationale. *See, e.g., John G. Danielson, Inc. v. Winchester-Conant Properties, Inc.*, 186 F.Supp.2d 1, 24-26 (D. Mass. 2002) (applying the discovery rule, held that it was a question of fact when plaintiff knew or should have known about defendant's infringement, which would determine whether plaintiff could recover for damages occurring more than three years prior to filing suit), *aff'd,* 322 F.3d 26 (1st Cir. 2003).

Further, the *Petrella* court was explicit that it was *not* overruling the nine Courts of Appeal (including the First Circuit)'s applicability of the discovery rule. 572 U.S. at 670 n.4. Until the First Circuit rules otherwise, the discovery rule, including when the statute of limitations period applies to damages, remains the rule binding on this court. *Awuah v. Coverall N. Am., Inc*., 554 F.3d 7, 11 (1st Cir. 2009) ("Given that the Supreme Court has not clearly spoken, the interests of predictability are served by respecting [a federal appellate court's] prior language ....").

### *Out Of Circuit Decisions*

Except for a few outliers, all courts throughout the country that have addressed this issue have rejected Sweetwater's position. These courts have applied the discovery rule, exactly as

they had applied it before *Petrella, i.e.,* without creating a different limitations period for claims and for damages. *See, e.g.,*:

- *Third Circuit*
  - *Design Basics LLC v, McNaughton Company*, 2017 WL 11068761, at *2 (M.D. Penn. Nov. 15, 2017) (rejecting that *Petrella* had abrogated the discovery rule and acknowledging that plaintiffs "would certainly be entitled to damages for alleged infringement prior to the three year period preceding the filing of the complaint because the claim had not yet accrued before then.").
  - *Krist v. Scholastic, Inc*., 253 F. Supp. 3d 804, 809 (E.D. Pa. 2017) ("Claims based on such infringements may be timely under the Third Circuit discovery rule so long as Plaintiff filed suit within three years of discovering them.");
  - *Grant Heilman Photography, Inc. v. McGraw-Hill Companies, Inc.*, 28 F. Supp. 3d 399, 411 (E.D. Pa. 2014) ("While the language related to the statute of limitations is suggestive, this Court does not find that *Petrella* overruled the Third Circuit discovery rule.").
- *Fourth Circuit*
  - *Live Face On Web, LLC v. Absonutrix, LLC*, 2018 WL 2121627, at *5 (M.D.N.C. May 8, 2018) ("district courts in the Fourth Circuit have continued to follow the endorsement of the discovery rule . . . , even after Petrella.").
- *Fifth Circuit*
  - *Stross v. Hearst Comms., Inc.*, 2020 WL 5250579, at *8 (W.D. Tx. Sep. 3, 2020) (rejecting that *Petrella* changed the applicability of the discovery rule in the Fifth Circuit).
  - *Philpot v. New Orleans Tourism Marketing Corp.,* 2019 WL 142295, at *3 (E.D. La. Jan. 9, 2019) (same).
- *Sixth Circuit*

- *Mitchell v. Capitol Records, LLC*, 287 F. Supp. 3d 673, 678 (W.D. Ky. 2017) (rejecting defendant's argument that *Petrella* does not permit the plaintiff to recover any damages for acts occurring more than three years before suit—"the Sixth Circuit has never endorsed this scheme. The relevant date in the Sixth Circuit has always been the date of 'accrual.'").

- *Design Basics LLC v. Ashford Homes LLC*, 2018 WL 6620438, at *9 (S.D. Ohio Dec. 18, 2018) (holding that *Petrella* did not change the discovery rule applicable in the Sixth Circuit).

- *Design Basics LLC v. Forrester Wehrle Homes, Inc.*, 305 F. Supp. 3d 788, 792-93 (N.D. Ohio 2018) (same).

- *Seventh Circuit*

  - *Design Basics, LLC v. Quality Crafted Homes, Inc.*, 2017 WL 1301465, at *2 (N.D. Ind. Apr. 7, 2017) ("Every other court in [the Seventh] circuit that has addressed the issue has held that *Petrella* leaves our court of appeals' discovery rule intact unless it decides otherwise.").

  - *Design Basics LLC v. J & V Roberts Investments, Inc.*, 130 F. Supp. 3d 1266, 1281-82 (E.D. Wis. 2015) (same).

  - *Panoramic Stock Images, Ltd. v. John Wiley & Sons, Inc.*, 2014 WL 4344095, at *7 (N.D. Ill. Sept. 2, 2014) (rejecting that *Petrella* abrogated the discovery rule and permitting plaintiff to pursue damages for all infringing activity during the three year period prior to becoming aware of the infringement, including the infringements that occurred more than three years prior to filing suit).

- *Eighth Circuit*

  - *Design Basics, LLC v. Carhart Lumber Company*, 2016 WL 424974, at *3 (D. Neb. Feb. 3, 2016) ("Both before and after *Petrella*, courts within the Eighth Circuit have uniformly applied the discovery rule in copyright-infringement cases.").

- *Ninth Circuit*

- *Menzel v. Scholastic Inc.,* 2019 WL 6896145, at *7 (N.D. Cal. Dec. 18, 2019) ("[B]ecause *Petrella* did not clearly create damages bar independent of the limitations bar, *Polar Bear* continues to be binding precedent on this Court, and, in *Polar Bear*, the Ninth Circuit made clear that a plaintiff can be awarded damages outside of the three-year period before the filing of his complaint.").
- *Oracle USA, Inc. v. Rimini Street, Inc.*, 2015 WL 5089779, at *6 (N.D. Cal. Aug. 27, 2015) (denying defendants' motion to limit plaintiff to only three years of damages because *Petrella* "expressly declined to reject the discovery rule.").
- *Tenth Circuit*
  - *Energy Intelligence Group, Inc. v. CHS McPherson Refinery, Inc.*, 300 F. Supp. 3d 1356, 1366 (D. Kan. 2018) (because *Petrella* passed on the question about the discovery rule, the court was bound to apply Tenth Circuit law and apply the discovery rule).
- *Eleventh Circuit*
  - *Tomelleri v. Natale*, 2020 WL 5887149, at *2-3 (S.D. Fl. Jul. 15, 2020) (rejecting that *Petrella* abrogated the discovery rule in the Eleventh Circuit).

Sweetwater has offered no justifiable basis for this court to jettison how courts in this Circuit have applied the discovery rule, especially considering this court's prior ruling, the plain text of Section 507(b), First Circuit precedent, prior First Circuit cases such as *John G. Danielson, Inc.,* and the almost universally accepted applicability of the discovery rule throughout the country.

### III. CONCLUSION

For the reasons stated herein, the Motion should be denied.

| | |
|---|---|
| By: __/s/ Robert E. Allen__<br>　　　Robert E. Allen | By: __/s/ R. James Steiner__<br>　　　R. James Steiner |

Robert E. Allen (admitted *pro hac vice*)
Cal State Bar No. 166589
rallen@glaserweil.com
Thomas P. Burke Jr. (admitted *pro hac vice*)
Cal State Bar No. 288261
tburke@glaserweil.com
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd., 19th Fl.
Los Angeles, CA 90067
Telephone: (310) 282-6280

R. James Steiner
New Hampshire Bar No. 4143
jim@jimsteinerlaw.com
Steiner Law Office, PLLC
30 Oakmont Dr.
Concord, NH 03302-3722
Telephone: (603) 345-6440

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing document was served by electronic mail through the Court's ECF system on Monday, November 23, 2020.

_/s/    Robert E. Allen_
Robert E. Allen
