UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

D'Pergo Custom Guitars, Inc.

  v.                 Civil No. 17-cv-747-LM

Sweetwater Sound, Inc.

## JURY INSTRUCTIONS

## INTRODUCTION

You have now heard all of the evidence in this case, and argument by the lawyers.  It is my duty at this point in the trial to instruct you on the law that you must apply in reaching your verdict.  It is your duty to follow and apply the law as I give it to you.  But, you alone are the judges of the facts.  Please do not consider any statement that I have made in the course of trial, or make in these instructions, as any indication that I have any opinion about the facts of this case, or what the verdict should be.  The verdict in this case is your responsibility and yours alone.

## JURY SOLE JUDGES OF FACT

You are the sole and exclusive judges of the facts.  You must weigh the evidence that has been presented impartially, without bias, without prejudice, and without sympathy.  You must make a determination as to what the facts are and what the truth is based upon the evidence presented in this case.  You must then

1

decide the case by applying the law to the facts as you find them to be from the evidence. I will give you the law in these instructions.

The mere fact that a corporation has brought a lawsuit is not in and of itself a reason to render a verdict for that corporation. Bringing a lawsuit is merely the formal means of introducing the matter of controversy into court. Your verdict must be based solely on the evidence and the law.

## **APPLYING THE LAW**

You must apply the law regardless of any opinion you may have as to what the law ought to be. It would be a violation of your sworn duty if you were to base your verdict upon any view of the law other than that reflected in these instructions, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence presented in this case.

## **WHAT IS EVIDENCE**

Your findings of fact must be based exclusively on the evidence. There are two types of evidence that you may properly consider in deciding this case: direct and circumstantial.

Direct evidence is the testimony given by a witness about what that witness has seen, heard, or observed, or what that witness knows based on personal knowledge. Finally, direct evidence also includes any exhibits that have been marked.

Evidence may also be used to prove a fact by implication, and such evidence is often called circumstantial evidence: The circumstances suggest that a certain fact is true. You may give circumstantial evidence the same weight as direct evidence.

The evidence in this case consists of the sworn testimony of the witnesses (regardless of who may have called them), and all the exhibits received in evidence (regardless of who may have produced them).

## **WHAT IS NOT EVIDENCE**

Certain things are not evidence and you cannot consider them as evidence:

a. Arguments, statements, and questions by the lawyers are not evidence. What they have said in their opening statements, closing arguments, questions to the witnesses, and at other times during the trial is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from what the lawyers have said about those facts, your memory controls.

b. Objections raised by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper under the rules of evidence. I must rule on objections, and I have not intended to indicate in any way by my rulings what the verdict should be in this case. You should not be influenced by the lawyers' objections or by my rulings on those objections.

c. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

# **CREDIBILITY OF WITNESSES**

In determining what the facts are and what the truth is, you must necessarily assess the credibility of each witness and determine what weight you will give to each witness's testimony. By credibility I mean the believability or the truthfulness of a witness.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief or not worthy of belief. You should also consider the extent, if any, to which the testimony of each witness is either supported or contradicted by other evidence in the case.

The testimony of a witness may be discredited by showing that the witness previously made statements that are different than, or inconsistent with, his or her testimony here in court. You must decide what weight, if any, should be given to the testimony of a witness who has made prior inconsistent or contradictory statements. In making this determination you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with only a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

## **EXPERT WITNESSES**

A witness may testify as an expert because of his or her special training, education, skills, or knowledge. When a case involves a matter requiring special knowledge or skill not ordinarily possessed by the average person, an expert is permitted to state his or her opinion for the information and assistance of the court and jury. An expert's opinion is subject to the same rules concerning reliability as the testimony of any other witness.

The opinion stated by the expert who testified before you was based on particular facts the expert observed or learned from others, or facts that counsel asked the expert to assume.

You may reject an expert's opinion if you decide that the facts are different from the facts that formed the basis of the expert's opinion, or if you decide the expert's opinion is based upon misinformation, or if you decide the expert lacks the qualifications to render a reliable opinion. You may consider whether the expert took advantage of the opportunity to make a thorough investigation before rendering an opinion. You may also reject an expert's opinion if, after careful consideration of all the evidence in the case, expert and other, you disagree with the opinion. In other words, you are not required to accept an expert's opinion.

You may accept all, part, or none of the testimony of an expert.

## **WEIGHT TO BE GIVEN TESTIMONY**

After assessing the credibility of each witness you will assign as much weight to his or her testimony as you deem proper. You are not required to believe the

testimony of any witness simply because that witness was under oath. You may believe or disbelieve all or part of the testimony of any witness. You determine what testimony is worthy of belief and what testimony may not be worthy of belief. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence, you believe that single witness.

## **WEIGHT OF THE EVIDENCE**

The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of belief. In reviewing the evidence, you should consider the quality of the evidence and not the quantity. It is not the number of witnesses or the quantity of testimony that is important but the quality of the evidence that has been produced that is important. You must consider all of the evidence no matter which side produced or elicited it.

## **BURDEN OF PROOF**

At certain points in these instructions, I will tell you that one of the parties has the burden of proving something to you by "a preponderance of the evidence." A preponderance of the evidence simply means that quantity and quality of evidence necessary to persuade you that a party's claim is more likely true than not true. So, if the plaintiff has the burden of proving X by a preponderance of the evidence, that

simply means that the plaintiff must produce sufficient evidence to persuade you that X is more likely true than not true.

What does it mean for the plaintiff to prove that something is more likely true than not true? Think of a set of scales. At the beginning of the trial they are perfectly balanced and even. At the end of the trial, if they have been tilted by the evidence ever so slightly toward the plaintiff, then the plaintiff has met its burden. If, on the other hand, the scales remain even, or if they tilt ever so slightly in the defendant's favor, then the plaintiff has not met its burden.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In this case, the parties each have the burden of proving certain things to you by a preponderance of the evidence. I will explain these matters to you shortly.

If the party with the burden of proving a fact establishes that fact by a preponderance of the evidence, you should find in favor of the party with the burden of proof.

If, on the other hand, you find that the party with the burden of proving a fact has <u>not</u> proven that fact by a preponderance of the evidence, you should find in favor of the other party.

## THE CLAIM

In this case, the plaintiff has brought a claim against the defendant for copyright infringement.

I have already concluded, prior to the beginning of trial, that the defendant is liable to the plaintiff for copyright infringement. Your task will be to determine the amount of damages, if any, the defendant owes the plaintiff for copyright infringement.

## COPYRIGHT OWNERSHIP

Copyright is a form of protection provided to creators of certain works, including books, music, screenplays, movies, paintings, and photographs. Copyright protection exists from the time a work is created and fixed in some tangible form. For photographs, copyright protection exists from the time a photograph is developed or saved in some electronic form that can be seen with a machine.

The person who creates the work owns the initial copyright in the created work. For photographs, the initial copyright owner is the person who "shoots" or "takes" the photo.

## COPYRIGHT OWNER'S RIGHTS

A copyright owner has the exclusive right to do—or authorize someone else to do—certain things with the copyrighted work. For photographs, these rights include:

1. The right to reproduce or copy the photograph;

2. The right to prepare other works based on the photograph;

3. The right to sell or distribute copies of the photograph to the public; and

4. The right to display the photograph to the public.

In addition, the owner of a copyrighted work can give someone else permission to use it. This is called a "license."

## COPYRIGHT INFRINGEMENT

Copyright infringement occurs when someone other than a copyright's owner uses a copyrighted work in a manner reserved for the copyright owner without the owner's permission.

Mere ownership of an object, such as a photograph or a copy of a photograph, does not give the owner a copyright in the object. For example, each of you owns books or CDs. That does not mean you can make copies of your books or CDs to give to others. Unless you have permission from the copyright owner, this would be copyright infringement.

## INFRINGEMENT HAS ALREADY BEEN FOUND

The court has already found Sweetwater liable for infringing D'Pergo's copyright in the photograph. This means that D'Pergo has established that it owns a valid copyright in the photograph and that Sweetwater reproduced and displayed the photograph without D'Pergo's consent. You are required to determine the

9

amount of damages, if any, that D'Pergo is entitled to receive for Sweetwater's copyright infringement.

## **DAMAGES**

I will now instruct you on the law regarding damages. You should not consider the fact that I am instructing you on the law of damages as indicating in any way that the plaintiff is entitled to damages.

The principal or paramount rule in awarding damages is that every person unjustly deprived of his or her rights is fully and fairly compensated for the injuries sustained. The general object of damages is to compensate the person injured for the actual loss that person sustained. The law requires that the compensation be equivalent to the injury.

If you find that the plaintiff is entitled to damages in accordance with these instructions, then you should award it that sum of money that will fairly, justly, and reasonably compensate it for all the damage suffered as a direct result of the defendant's wrongful conduct. A plaintiff is entitled to full, fair, and adequate compensation - no more and no less.

In determining the amount of damages, if any, to allow the plaintiff, you may draw such inferences from the evidence of the nature of the injuries and the results thereof as are justified by your common experiences. Damages are not to be awarded on the basis of guesswork or speculation, or on the basis of passion, prejudice, or sympathy. Instead, they must be awarded, if at all, based upon your

assessment of what full and fair compensation should be. The law does not require mathematical certainty in computing damages. However, your computation of the damage award must be supported by the evidence; it cannot be based on speculation.

## TWO CATEGORIES OF DAMAGES

A copyright owner may recover two types of damages: (1) the actual damages suffered as a result of an infringement; and (2) any profits of the infringer that are attributable to the infringement and which are not taken into account in computing the owner's actual damages.

These two categories have different justifications and are based on different financial data. An award of actual damages compensates the copyright owner for harm he suffered from the infringement. An award of infringer's profits ensures that the infringer does not retain a benefit from the infringement.

You may make an award of damages in one, both, or neither category. However, if you award both actual damages and infringer's profits, you may not include any amount in the infringer's profits award that you took into account in your actual damages award.

## ACTUAL DAMAGES

Actual damages means the amount of money adequate to compensate the copyright owner for the profits the owner lost as a result of the infringement. One way to measure this is to look to the value of the copyrighted work to the infringer.

11

To measure the value of the copyrighted work to the infringer you determine what a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement. This can be measured by the license fee the plaintiff would have received for the defendant's unauthorized use.

The plaintiff has the burden of proving its actual damages by a preponderance of the evidence.

## INFRINGEMENT PROFITS: INTRODUCTION

In addition to actual damages, the copyright owner is entitled to any of the defendant's profits attributable to the infringement: this is known as "infringement profits." However, you may not include in an award of infringement profits any amount that you took into account in awarding actual damages.

## INFRINGEMENT PROFITS: CAUSAL RELATIONSHIP

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal relationship between the defendant's infringement and the defendant's revenues that are attributable to the infringement. If you conclude that the plaintiff has not shown a causal relationship between the defendant's infringement and the defendant's revenues, you may not award any of the defendant's profits to the plaintiff.

The plaintiff can establish the required causal relationship by showing that the defendant profited from the use of the photograph. In other words, the plaintiff can seek to establish that the photograph helped the defendant sell its products,

and that the defendant did sell its products as a result of the photograph. The plaintiff need not establish that any particular consumer bought a guitar because of the infringing photograph.

**INFRINGEMENT PROFITS: CALCULATING PROFITS**

If you conclude that the plaintiff has shown a causal relationship between the defendant's infringement and the defendant's gross revenue, you should then determine the amount of the defendant's profits generated from the infringement, also referred to as "infringement profits."

You will use the following calculation for determining infringement profits: gross revenue less non-infringement revenue and less expenses. I will repeat it and then go through each step. Infringement profits equals gross revenue minus non-infringement revenue and minus expenses. The goal of this calculation is to find out how much money the defendant made from the infringement, if any, so that the defendant can pay that money in damages.

**Start with gross revenue**. Gross revenue is the money the defendant made from the sale of all products associated with the infringement. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

**From gross revenue, subtract non-infringing revenue**. Non-infringing revenue is all the revenue defendant made from factors other than the infringement. The defendant has the burden of proving its non-infringing revenue by a preponderance of the evidence. To do that, the defendant can, for example,

13

show that consumers would have purchased its products associated with the infringement even if the infringement had not occurred—those sales are non-infringing revenue because they would have happened anyway.  Alternatively, the defendant may show that its revenues were not generated solely from the infringement but were also the result of other factors.  As you decide the amount of revenue that qualifies as infringing revenue and non-infringing revenue you do not have to use a precise mathematical calculation.  Rather, a reasonable approximation is enough.

**Next, subtract expenses.**  Like non-infringing revenue, the defendant has the burden of proving its expenses by a preponderance of the evidence.  Expenses are the defendant's operating costs, overhead costs, and production costs from generating its gross revenue.  You may only deduct expenses from the defendant's gross revenue that have a connection to the sale of products associated with the infringement.

By way of example, consider the rent that a defendant may pay for a building.  If the defendant uses 10% of that building's square footage to sell goods that infringe a copyright but uses the remaining 90% of the building to sell noninfringing goods, the defendant can seek to deduct 10% of that building's rent from its gross revenue.  The defendant has the burden of establishing a reasonable method for allocating a portion of any given expense to the infringement.

Again, the calculation for infringement profits is gross revenue minus non-infringement revenue and minus expenses.  This means that gross revenue is the

highest amount of possible infringement damages.  Think of gross revenue as a pile of coins.  That pile of coins may shrink when you take out the defendant's non-infringing revenue.  The pile may shrink again when you take out the defendant's expenses.  What's left in the pile, if anything, is the amount of profit the defendant made from the infringing activity, and it is the amount the defendant must pay in infringement damages.

## **CONCLUSION**

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits admitted into evidence.  The principles of law set forth in these instructions are intended to guide you in reaching a fair and just result in this case, which is important to all the parties.  You are to exercise your judgment and common sense without prejudice and without sympathy, but with honesty and understanding.  You should be conscientious in your deliberations and seek to reach a just result in this case because that is your highest duty as judges of the facts and as officers of this court.

### A. Selection of a Foreperson

When you retire, you should elect one member of the jury as your foreperson.  That individual will act very much like the chairperson of a committee, seeing to it that the deliberations are conducted in an orderly fashion and that each juror has a full and fair opportunity to express his or her views, positions, and arguments on the evidence and on the law.

## B. Unanimous Verdict

The verdict must represent the considered judgment of each juror. In order to return a verdict, each juror must agree to it. That is to say, your verdict, regardless of whether it is in favor of the plaintiff or the defendant, must be unanimous.

## C. Deliberations

Throughout your deliberations, you may discuss with each other the evidence and the law that has been presented in this case, but you must not communicate with anyone else by any means about the case. You also cannot learn from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, or any social media apps (such as Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat) to research or communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the

evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom. Please inform me if you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with the other jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. But, do not surrender your honest conviction as to the weight or effect of the evidence solely based on the opinion of the other jurors or merely for the purpose of returning a verdict. Remember at all times that you are not partisans, you are judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

If during your deliberations it becomes necessary to communicate with me, please give a written message to the Court Security Officer, who will bring it to me. I will then respond as promptly as possible, either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

Now, this is very important, you must never disclose to anyone, including the court, how the jury stands, numerically or otherwise, on the matters you are deciding, until after you have reached a unanimous verdict or have been discharged.

In other words, if the jury is split, say 5 to 5, on some issue, the existence of that split or the number on one side or the other must not be disclosed to anyone, including me.

If we recess during your deliberations, you must follow all of the instructions I have given you concerning your conduct during the trial. In particular, do not discuss the case with anyone other than your fellow jurors in the jury room, when everyone is present.

You were permitted to take notes during this trial, and I want to remind you of the instructions I gave you about your notes. Do not use your notes as authority to persuade other jurors. Your notes should be used only as aids to your own memory and must not be used as authority to persuade the other jurors of what the evidence was during the trial. In the end, each juror must rely on his or her own recollection or impression as to what the evidence was.

You are each going to have a paper copy of my jury instructions to take with you into the jury room. Attached to your individual copy of the jury instructions is a copy of the verdict form. The verdict form is self-explanatory and contains all the questions you need to answer as well as step-by-step instructions. Read that verdict form carefully and follow the instructions on it. The verdict form is consistent with the instructions I have given to you. Feel free to consult the paper copy of the jury instructions as you deliberate. After you have reached your unanimous verdict, your foreperson must complete, sign, and date the official verdict form. The official verdict form will be given to you with an envelope and will be marked with the word

ORIGINAL at the top of the form. After you have reached a verdict, you are not required to talk to anyone about the case unless I direct you to do so.

At the risk of being repetitive, let me once again tell you that nothing said in these instructions is intended to suggest in any way what your verdict should be. The verdict is the exclusive responsibility of the jury, not the judge.

When you have arrived at a verdict, notify the Court Security Officer and you will be brought back into the courtroom.

The courtroom deputy will now swear-in the Court Security Officer.